The United States Court of Appeals for the Ninth Circuit is now in session. It's hard to figure out when it's 2. Judge Weiner, are you on the phone? I'm here and I can hear very well, thank you. Great. And good afternoon and thank you for including me. How are things in the city of Brotherly Love? Still the same way, still Brotherly Love. Good morning. Good morning. This is the time and place for hearing for the United States against Jose Luis Baltazar-Murrieta. Counselor, are you ready? Yes, Your Honor. Please proceed. Good morning, Your Honors. Todd Burns on behalf of Mr. Baltazar. Although the issues on remand seem to have mushroomed some, my understanding of the Court's order and I think the logical reading of the Court's order was that the remand was for the simple purpose of deciding whether or not Inspector Mendebley first saw packages of marijuana through a ventilation cap on the side of the door jamb before dismantling the inside of the car. If he saw those packages, he had cause to dismantle the car. If he didn't, he didn't have cause and it was a non-routine search and therefore all evidence should be suppressed. It was fruits of that. I think that's the logical reading. We did get into some stuff as to whether or not dismantling the interior of the car amounted to a non-routine search, but I think that that wasn't the issue. Inherent in the Court's order was that, indeed, dismantling the inside of the car was a non-routine search. So is your argument that the determination as law of the case as to whether or not, even if subsequent authority of the circuit might suggest that even if it were taking apart the quarter panel, that that would not be a non-routine search? Absolutely. I think that the law of the case at this point has to be, inherent in the Court's opinion, has to be that dismantling the inside of the car was a non-routine search, and I think unless there is an en banc decision to the contrary, that that controls. Now, the government seems to concede that a defendant has a right and should be present at a hearing such as this one, at an evidentiary hearing, generically. They seem to concede that, and there are a whole bunch of bases for that, as I've set out in my brief in the Fifth Amendment, Sixth Amendment, Rule 43. What they say, however, is that Mr. Baltazar waived his right to be present and that there was no prejudice as a result of his not being present. First of all, turning to the waiver. A waiver of a constitutional right, as I've set out in my briefs, obviously has to be knowing, intelligent, and voluntary, and the defendant must know the relevant circumstances and likely consequences. The burden is on the government, and it's a heavy burden to show a waiver. Now, the government doesn't meet that showing. The government only focuses on notice. They don't even focus on whether the surrender of the right here, the waiver of the right here, was knowing and voluntary and intelligent. There's no showing as to that. The government solely focuses on notice, and they kind of turn the burden on its head. I'd like to address that. It's an interesting question, and help me out. If he had been in the United States and had failed to show up, let's say he'd gone across the border to visit family or whatever in Arizona, you were, I think, representing, you appeared before the district court, correct? I did. And at one point you said, well, the government can always extradite him. And I don't see that being argued anymore, but that was at least your initial suggestion. So my question is then, all right, so you were appearing in court. There's no suggestion you weren't in contact or able to contact your client. What's the duty of defense counsel to act on behalf of his client, to transmit communications from the court to his client? Well, I think that potentially that's the most interesting question in this brief, but it was never really raised below and it wasn't argued by the government here, is what's the court's authority to order me to act in that regard, and what is my obligation if so ordered? The court never necessarily compelled me, had to order show cause, contempt hearing, any sort of briefing on that issue. But I think the easy answer to that is that asking me to be the agent of that notice has a lot of problems. Number one, it gets into attorney-client privilege. If I'm the agent of the notice, well, if I'm the agent of the notice, the court says, well, you notice your client, and then asks me what sort of communications ensued, if any, I think that's a real problem. It's asking what sort of communications I had with my client. I think it presents difficulties as far as loyalty to the client. What do I say as far as representing my client's interest in being an advocate when addressing the court? It potentially could be to my client's detriment. I think in this case there's... As to whether or not he had notice. The only issue here is whether he had notice. Well, I think there's also an issue as to whether he knowingly and intelligently waived the constitutional right. But, yes, as to the issue... The front-end question I'm just curious about here, because you made the arguments below about attorney-client privilege. And the question here is, you know, the courts rely upon defense counsel to communicate with the client. And, indeed, the government can't communicate directly with the client without violating the attorney-client privilege on its side. So what is the regime you envision here? Well, I think the government certainly can communicate directly with the defendant in a situation in which they're simply giving the defendant notice that he has to appear. And the situation that Your Honor addressed as far as someone who's a fugitive, maybe he's across state lines or hasn't appeared, is different because, number one... No, I'm not suggesting he was a fugitive. I'm just saying he isn't in court, okay? You show up in court and you say, gosh, you know, I thought he was going to be here. He's not here. So the court says, all right, I'll give you continuance. I want to make sure that we want to make sure the record shows that he has notice. And it's not a question of his being fugitive at that point. Almost always. And you come back in and say, well, you know, I won't say I couldn't reach him. I won't say I can't. I don't say he's – I won't take a position. So that – you say then at that point puts the government and or the court on some obligation affirmatively to then use its resources to communicate notice. And they can't use defense counsel for that purpose. Well, I think almost always what would happen in that situation is, first of all, the defendant would have been at a prior hearing or a prior proceeding, in which case the court would have issued a lawful order, as they always do at the end of the hearing. The next court date is this date. You need to be here. And if the defendant does not show up... What if the defendant wasn't in court for that? Well, my experience is that if the defendant is not going to appear in court for some reason, that there has to be an acknowledgement of the next court date filed from the defendant, saying I understand this is the next court date, this is when I'll be here. So then, again, the defendant has arguably violated a court order, has agreed to be in court, has agreed that he has notice, he's going to come back, and has violated a court order. And I think that – and then what will happen is if the defendant doesn't show up, well, the court may give you one more chance to get the defendant there. Usually, however, the court will, in my experience, will issue a bench warrant. Again, the court may hold the bench warrant until the end of the day and say, look, get a hold of your client and assure me when your client is going to be here, or the bench warrant will go into effect. What could your client have contributed to the substance of the hearing? Well, I think that my client could have contributed a lot in that... My understanding is he did not see the search? That's correct. But the whole issue would have been where the marijuana was located and if it could have been found by looking through this vent. According to the government... He was going to get on the stand and say he hid it very carefully? It's possible. I don't know what he would say, but he could say where the marijuana was hidden, that it wasn't possible to see through this vent from this place, it wasn't possible to dismantle the vent and look at wherever the marijuana was hidden. And I don't think that that's far-fetched by any means under the facts of this case because as the court recognized in its prior order reversing and sending back for a hearing, Inspector Mendeblaes testified at trial in a way such that it appeared that he dismantled the interior of the car before looking through any vent. That was consistent with the government's pleadings. Counsel, did your client testify at the trial? No, he did not. I was mistaken about that. I did not review the whole trial. Yes, because I remember we talked about that and we never got an answer. He never testified at the trial, did he? No, he did not. And you were his counsel at trial? Excuse me, Your Honor? Did you represent him at trial? I did. Okay. And did he have any, you don't have to answer, this is a rhetorical question, did he have a discussion with you about this at the time, during the trial, so that you could cross-examine the government witnesses based on what he had told you? Well, it wasn't an issue for trial, and that's one of the problems that sometimes I seem to run into is the government will say, well, this could have, even though you didn't have the evidentiary hearing, it could have been fleshed out at trial. But at trial, in front of the jury, I'm trying to focus on the issues for trial, which are my client's knowledge, not whether or not the search was non-routine or what order of things that the inspector did the search. On the other hand, the inspector did testify in such a way at trial that indicated that he did not see any packages through a ventilation cap, that there was a dog alert, and he dismantled the inside of the car. And you were able to ask him about that? I was able on the remand to ask him about the inconsistencies in his statements, but obviously it would have been a lot stronger if I not only had impeached him with the inconsistencies in his statements, but then also had had my client testify and say, you know, that's right, assuming he did know where the marijuana was, which has been the government's theory, that's right, the marijuana was in such a place that there was no way you could stick a pen in there and feel any packages. There was no way you could see in that area and feel any packages. The packages weren't there. And that's something I just don't know. We don't have the car anymore. The packages aren't packed in there. There weren't any pictures indicating that, as I think Inspector Mendebley has indicated in his testimony on the remand. You're down to about half a minute. Did you want to save any time for rebuttal? I wanted to discuss the prejudice issue real quickly. Go ahead. It's your time. Regarding the prejudice issue, I just point out, as I indicated in my brief, that especially the constitutional analysis, the standards are pretty lenient towards the appellant here. They talk about in due process context, would he contribute to the fairness of the proceeding? Could his absence under some circumstances be harmful? And then under the Sixth Amendment context, would it be a more effective cross? Would it be a more reliable determination? There's the symbolic value noted. Those are pretty lenient standards as far as saying, look, this is a right. It's not easily waived. And if there's some indication that the defendant could help, then the defendant should be there. And if the defendant's not there and has involuntarily waived his presence or voluntarily, knowingly, intelligently, involuntarily waived his presence, then there is a constitutional violation. Thank you for your argument, counsel. We'll hear from the government at this time. Mr. Ray. Good morning, Your Honors. May it please the Court. Mark Rahe for the United States. Your Honor, the government does not concede in this case that it is a foregone conclusion that this defendant had a right to be present at this hearing. We cited cases. One of them is Veach, V-E-A-T-C-H, from this Court, which basically it appears that in this context there is no black-letter rule that applies to every case. It appears that one is to examine the circumstances in any given case to determine whether there is a right to be present. And as the Court said in Veach, quoting Judge Cardozo in the Snyder v. Massachusetts case, that a defendant has a right to be present at trial only to or to the extent that his absence would thwart the fairness of the hearing and only to that extent. Well, I suspect if I'm trying to examine the inspector about the contents and location and before and after appearance of the car, having my client there would position me a lot more effectively than sort of using my general knowledge of automobiles, my general skills of cross-examination. As the counsel just said, the standards are pretty lenient toward the defendant in this case. So how can you say in this case it's just it wouldn't be helpful at all? It's a fact question based about the fellow's car, whether he was in it at the time or not of the search, certainly the condition of the car before and after. Well, a couple. Actually, I would respectfully disagree that on this case that it would have been helpful because for a number of reasons, as Judge Hawkins pointed out, this defendant is undisputed in the record as shown in supplemental excerpts of record, pages 38 and 39, that the defendant was not present at the time of this search. No, I agree. I accept that. But that's not what my question said. I said, why wouldn't it have been helpful for him to be present to testify about the nature and condition of the car in its before condition and its after condition? Well, another reason, Your Honor, is because the defense has taken the position throughout this case that the defendant didn't even own the car. When asked at secondary inspection, did you own this car? But he drove it, counsel. I mean, are you saying the man was blind and that he was in his car and he couldn't – he had no possibility of adding descriptive information or furnishing descriptive information to his counsel? Well, we do. And another reason we say that, Your Honor, is because – You do contend that he was blind and that he wouldn't – Not blind, but when asked for a proffer in the district court, this whole thing, if the whole point is that the defendant would have been so helpful, defense counsel suggested that he would have put his client on the stand, he declined to give a proffer. I mean, our point is that this is conjectural. In the briefs, it was argued, well, the client could have said – pointed out where the door locks were located, where the seat belts were located. Didn't need the defendant for that. They could have called a mechanic. They could have called any number of third-party witnesses to establish that. And I don't know that that necessarily would have been helpful, what the defendant had to say. But even if this Court finds, though, I mean, it's not our only position. We still also maintain that there was waiver here. In this case, Your Honor, from the get-go, the evidentiary remand on hearing is what the appellant requested. That is – Yes, I understand that. The interesting question for me is what I pose to counsel for the defendant. I'm curious about the government's position on this. What – is there something that – some step the government can take to assure notice? For example, let's suppose in my hypothetical, not that the fellow was a fugitive, but that he had been discharged and he wasn't understanding of the system all that well, and let's assume all of that, that he wasn't fleeing from the jurisdiction. He just didn't understand. Okay? Counsel tries to reach him and can't. represents that I've tried to find my client. I can't find him, so I don't know whether or not he's, A, aware of this hearing and what his position is. Is the government in a position at that point to take any steps to assist itself in getting notice to him so it can carry its burden of making sure that the defendant has notice of the hearing? Well, Your Honor, I'm not entirely sure. I mean, as was pointed out in the district court, government does not have the power to go into Mexico to serve. Please, listen to my question. I took Mexico out of it. That's why I took Mexico out of it. I understand when it goes cross-border and extradition. I'm talking about in the United States. He's just not at the – he's not in San Diego. Okay? He may be up in La Jolla. He may be up in Carlsbad. He may be up in Los Angeles. Sure. That's what I'm asking. Okay. Well, I think that situation, though, would be factually different than this one in America. I know it's factually different, counsel. I'm trying to understand from a process standpoint. If we were to hold in this case, under your theory, the defense counsel is an agent of notice, and defense counsel comes in and says, I can't reach my client, okay, is that the end of the case? Or do you have a burden then to establish that you have made efforts as the government to get notice to the defendant? Honestly, Your Honor, I don't know the answer to that question. But in that situation, I would like to believe that the government would take further steps. The reason I pointed out the factual differences was not to avoid the question, but to point out, in this case, there was never any suggestion by the defense counsel that I tried to locate my client at this address. Counsel, I'm aware of that. I understand that. But I'm just saying that if there was such a situation, then I believe the government would go forward.  And what mechanisms would you use? In your experience as an assistant United States attorney, what would you resort to? I'm just asking for information, counsel. You know what? I have limited experience as far as cases involving extradition. I'm not talking about extradition. I'm talking about getting notice to an absent defendant. Counsel told us that the court could issue a bench warrant. Okay? That's one thing the court can do. Is there anything that the prosecutor can do? The person is not in Mexico. Right. Other than trying to send a notice to the last known address, I don't know that there is anything else that the government can do. Okay. And was there a last known address for this defendant? It would appear that that was the case in the other. Is there any of the record doesn't reflect any effort on the part of the government to send a notice to that address? Not directly, no. What the record does show is that we made known to the defense counsel, I believe, two occasions by written correspondence and once orally the spreading of the mandate hearing that we were offering a parole letter, which would allow him to come in at any  We were going to get his support and we were going to fit his convenience so that he could make it to this hearing. But I think it has to, in the big issue too, Your Honor, I mean, this is the remedy that the defendant wanted. The defendant chose to file this appeal. This Court ordered the remedy. It said district court, please hold this hearing. The district court did that promptly. It said a time, a date, and a place for the hearing. And it didn't do it within a week, within two weeks. It sent it out two months from the spread of mandate hearing, which was four months from when this Court issued its opinion. Now, defense counsel is talking about ethical duty. At the spread of the mandate hearing, there was no suggestion that there would be an ethical problem. The first mention of that was four months later at the September 20th hearing. We would actually contend that if there was any duty, it is on the defense counsel, and that's under the model rules. Now, as a defense attorney has an ethical duty to keep his client apprised of proceedings and to do so promptly and particularly when it's an important case. This is a very important case. As we pointed out below, this finding directly impacted the defendant's immigration status. How much more important could it be? The defendant was repeatedly asking for the exact remedy that this Court ordered, and then when finally given the opportunity, we don't hear an explanation, oh, I tried to reach my client at this number. It doesn't appear good. Or, oh, I went and sent an investigator down. Defense counsel simply refused to tell the district court what efforts he made, and even though he had been ordered to do that. In that situation, I don't believe that the district court acted improperly in going forward. And there's other, there's a model rule of professional conduct, 3.2, that holds that even a defense counsel, as an officer of the court, has a duty to promote the efficient operation of justice. That was not done in this case, Your Honor, but I would like to speak about the prejudice point, is the final thing I addressed, because I know that defense counsels argued that, he makes the point that we rely on wheat, and prejudice is a requirement only in the Rule 43 context. That is not so. First off, wheat itself was no different than this case. The defendant raised a claim not only under Rule 43, he also raised claims under the Fifth Amendment and the Sixth Amendment. And also in the Vietch case at 674 F. 2nd, page 1226, again, this Court required a showing of prejudice. And here, I mean, like we said before, undisputed, the defendant is not a percipient witness. The other thing I think this Court should look at is it was a very limited issue on wheat. Apply the Molina-Terrazon test, the three factors. The defendant's subjective beliefs would not have helped or would not even have been relevant on those three factors. And, in fact, the first factor was found in his favor, that there was a use of force. But the other two factors, whether the test is, or whether the search performed is dangerous, or whether it would be psychologically intrusive and inspire fear, one reads the Molina-Terrazon case, that is to be decided with reference to a reasonable person, an objective standard. So even had the defendant been there, it's hard to imagine how his presence could have been useful. And we would also point out, Your Honors, that the defendant is never, he's not appealing to the merits of the Court's ruling here. The only issue on remand was, is this routine? If so, conviction stands. If it's non-routine, the conviction is reversed. If there was so much prejudice and his presence was so important, it's surprising that he didn't argue the merits of the case, Your Honor. And I think you're out of time. Thank you very much for your argument. Thank both sides for their argument. They were helpful. The case just argued will be submitted for decision and the Court will stand adjourned. And Judge Wiener, we will be in contact soon. Right. Thank you very much. Thank you. Thank you for including me. My best to both of you. Thank you. Thank you. Take care. All rise.
judges: Hawkins, Fisher, Weiner